## MOULTON, APPELLEE, *v.* FELLOWS, APPELLANT.

In an action brought to this court by appeal from a police court, the appellant is entitled to one review, by chapter 215, sec. 1 of the General Statutes.

THIS is an appeal from the police court of Manchester by Ira P. Fellows against Jeremiah S. Moulton. At the January trial term of this court said appeal was tried by the jury, and a verdict was rendered for the appellee.

Judgment was rendered on the verdict. The appellant then moved that the action be brought forward for a review under the statute ; to which the appellee objects.

This case is submitted to the court for their determination upon the question whether the appellant is entitled to a review.

*D. P. & D. L. Perkins*, for the appellee.

*Little & Osgood*, for the appellant.

LADD, J. " Civil actions in the supreme court in which an issue has been joined and judgment rendered, except in cases otherwise provided, may be once reviewed." Gen. Stats., ch. 215, sec. 1. No distinction is here made between actions which are in this court by appeal from a justice of the peace or police court, and those originally entered here. This is not one of the cases " otherwise provided," and we think the appellant is entitled to one review of his cause by the plain provision of the statute.

A glance at the phraseology of former statutes on the subject of review leaves no doubt but this must be so. The act of Jan. 2, 1829, provides that " every action tried in the superior court of judicature, and all actions tried in the court of common pleas of which that court has final jurisdiction, may be reviewed." Laws of 1830, p. 89, sec. 6.

The language of the Revised Statutes is,—" All civil actions in which judgment has been rendered in the court of common pleas or superior court in which any issue of fact has been joined, except those in which by law a different provision is made, may be once reviewed." Rev. Stats., ch. 192, sec. 1. The same language is retained in the Compiled Statutes, ch. 205, sec. 1.

It would be quite inconsistent with the broad terms in which the right is thus given to hold that it does not exist in cases coming before the court by appeal. The omission of the words " every " and " all " does not change the meaning.                                      *Case discharged.*